UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MAURICE LAWRENCE BREWER, TDCJ #00580612, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0120 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Maurice Lawrence Brewer is a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Brewer has filed a Petition (Dkt. 1) for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction that was entered against him in 1991. After considering all of the pleadings and the applicable law as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court dismisses this case for the reasons explained briefly below.

### I. BACKGROUND

Brewer is presently incarcerated at the Goree Unit in Huntsville. On March 15, 1991, he pleaded guilty to aggravated robbery in the 212th District Court of Galveston County, cause number 91-CR-0279. That same day, he pleaded guilty to murder in the 10th District Court of Galveston County, cause number 91-CR-0280. In each case, he was sentenced to life imprisonment, with the sentences to be served consecutively. Brewer did not file an appeal.

In 2017, according to the Petition and publicly available records, Brewer filed applications for state habeas relief on both convictions, cause numbers 91-CR-0279-83-1 and 91-CR-0280-83-1. The trial court entered findings of fact and conclusions of law denying relief and, on July 19, 2017, the Texas Court of Criminal Appeals ("TCCA") denied relief without written order on the trial court's findings, WR-87,037-01 and WR-87,037-02.

In his Petition filed on April 18, 2018, Brewer seeks federal habeas corpus relief from his conviction because (1) he received ineffective assistance of counsel in violation of the Sixth Amendment and (2) his due process rights were violated in connection with an involuntary plea, illegal sentencing, and a lack of subject matter jurisdiction (Dkt. 1, at 6). Federal habeas review of these claims is not available because the Petition is untimely.

## II. DISCUSSION

Because Brewer filed this habeas petition after the April 24, 1996, effective date for the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), his federal habeas petition is subject to the AEDPA's one-year limitations period. The statute of limitations for federal habeas corpus review began to run on the date the state conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and, under Habeas Rule 4, may dismiss a petition prior to any answer if it "plainly appears" from the petition and its exhibits that the petitioner is not entitled to relief in the district court.

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citing Habeas Rule 4, 28 U.S.C. foll. § 2254).

Brewer was convicted on March 15, 1991. Because he did not pursue an appeal, his conviction became final thirty days after it was entered. *See* TEX. R. APP. P. 26.2(a)(1). Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir. 1998). Therefore, Brewer had until April 24, 1997, to file a federal writ application to challenge his 1991 conviction. *See Wood v. Milyard*, 566 U.S. 463, 468 (2012). The pending petition, filed on April 18, 2018, is late by more than twenty years unless a statutory or equitable exception applies. *See* 28 U.S.C. § 2244(d).

Brewer's filings do not provide any explanation for his delay in seeking federal habeas relief. The form petition filed by Brewer set out the AEDPA statute of limitations in full and afforded Brewer an opportunity to explain why his petition was not barred from federal habeas corpus review by Section 2244(d) (Dkt. 1, at 9). However, Brewer provided no explanation for his delay. The pleadings do not otherwise disclose any basis for tolling the statute of limitations. Brewer has not alleged facts showing that state action impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based, nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Moreover, Brewer's state habeas

applications were filed in 2017, long after the AEDPA limitations period had expired, and therefore did not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Finally, Brewer does not allege facts showing that he sought federal review with the requisite diligence or that equitable tolling is available. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Accordingly, the Petition must be dismissed as untimely filed.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show

not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The Petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability is **DENIED**.

3. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of May, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge